OBDULIO AMARAL SUÁREZ, Appellant, *v.* THE REGISTRAR OF PROPERTY OF HUMACAO, Respondent.

No. 1325.   Submitted January 24, 1955.—Decided January 31, 1955.

*Cruz Ortiz Stella* for appellant.   The Registrar appeared by brief.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

Ordinance No. 12 of August 24, 1949 of the Municipality of Humacao classifies the lots belonging to the Municipality in 3 zones and establishes a valuation per square meter in each of the said zones at $2, 75¢ and 25¢, respectively.   Act

No. 61, Laws of Puerto Rico, 1954, amending § 70 of the Municipal Law, reads in part as follows:

"Every grantee of a lot built upon under a previous concession, desiring to obtain the permanent ownership of such lot granted to him, may acquire the same without need of public auction; and the municipal assembly may so determine by an ordinance providing for the fixing of the rate at which the said lots shall be sold each urban zone; and there shall be taken into account, in adopting the ordinance, the zones into which the lots have been divided and the value fixed to them in the last property assessment carried out by the Bureau of Scientific Assessment of the Department of the Treasury."

Resolution No. 5 of September 20, 1954 of the Municipal Assembly of Humacao, after calling attention to Act No. 61 and Ordinance No. 12, provided that the Municipal Assembly was of the view that "taking into account the valuation of the lots of this Municipality made by the Bureau of Scientific Assessment of the Treasury Department", the prices fixed in Ordinance No. 12 of 1949 were reasonable. Resolution No. 5 also pointed out that the sale of municipal lots to the usufructuaries thereof was beneficial to the municipalities inasmuch as the latter received the sales price and would also thereafter receive their share of the taxes thereupon. Accordingly, Resolution No. 5 "left subsisting" for the sale of municipal lots the prices fixed in Ordinance No. 12 and authorized the Mayor to sell them at said prices. Resolution No. 5 also provided that it shall go into effect immediately with retroactive effect as of June 16, 1954. (Act No. 61 also went into effect on June 16, 1954.)

By a deed dated August 23, 1954 the Municipality sold to the appellant a lot, which the latter held in usufruct, for $2 per square meter in accordance with the valuations established in Ordinance No. 12 of 1949 which, as we have seen, were ratified by Resolution No. 5 of September 20, 1954, effective as of June 16, 1954. The Registrar refused to record this deed on the ground that " . . . the Municipal

Assembly of Humacao established the sales price of the lot, without complying with the part of Act No. 61 of June 16, 1954 of the Legislative Assembly of Puerto Rico which provides that, in fixing the sales price of municipal lots, there shall be taken into account the value fixed for them by the Bureau of Scientific Assessment of the Treasury Department . . .". The appellant took this appeal from the ruling of the Registrar.

The Registrar is apparently of the view that the language "there shall be taken into account" found in § 70 as amended by Act No. 61 inexorably requires the Municipality to sell lots to usufructuaries at prices not less than the assessed values thereof by the Bureau of Scientific Assessment. We assume without deciding that the Registrar was entitled to examine this question and that he acted properly in obtaining and filing with his brief in this Court a certificate from the Bureau reciting that the assessed value of the lot in question was $6.40 per square meter. However, we cannot agree that the statutory provision in question prohibited the Municipality from selling a lot to an usufructuary at a figure below the assessed value. On the contrary, the legislative history of Act No. 61 shows that in this respect it was merely directory and that at the most the municipality was required to take the assessed value into consideration in fixing on its own initiative the actual sales price of lots to the usufructuaries thereof.[1] And since Resolution No. 5 affirmatively recites that the assessed value was taken into consideration in fixing the sales price of the lot involved herein, the Municipal Assembly complied with § 70 as amended by Act No. 61 in the sale of this lot to the appellant.

---

[1] During the debate of a motion to eliminate the phrase "there shall be taken into account" from Senate Bill 414 which became Act No. 61, Senator Ortiz Stella, Chairman of the Committee which considered and reported the bill, stated as follows:

" . . . When this bill was discussed in Committee, I do not know if it was my colleague Fernández Méndez who is a member of it, who inquired how that phrase would be interpreted, that sentence which my colleague

The fact that the lot was sold for an amount below the assessed value is not the concern of either the Registrar or this Court. However, in fairness to the Municipality it should be noted that, as pointed out in Resolution No. 5, the sale of a lot to a person who is already entitled to the usufruct thereof in perpetuity is advantageous to the Municipality as it results both in revenue to the Municipality and in restoring the property to the tax rolls.

The ruling of the Registrar will be reversed and he will be ordered to record the deed herein.

wishes to eliminate. And then it was said that it was only directory. That the Municipal Assembly shall take into account the scientific assessment upon the sale of the lot, but that it could sell it at any price it wished.

"Then I remember more—and that I had forgotten—I remember that the Committee instructed me to make this known in the report or state it here for the record. And then, complying with this agreement of the Committee—it seems to me that my colleague Susoni was also present—and I mean the interpretation that the Civil Juridical Commission gives to the phrase . . . That the phrase that you wish to eliminate, I wish to say now, in the name of the Committee, that the meaning, that the interpretation the Committee gives to this phrase, is merely in a directory sense. That the Municipal Assembly may sell the lot at any price it wishes, but that it must take into account, for purposes of the sale, the scientific assessment." *Diario de Sesiones, Asamblea Legislativa, Sesión Ordinaria, 1954, Vol. IV, Tomo II, pp.* 901-2.

For statements by Senators Fernández Méndez and García Méndez to the same effect, *id.,* p. 900.